**UNITED STATES of America,**
**Appellee,**
v.
**Gene GOLDEN, Appellant.**
**No. 12987.**

United States Court of Appeals
Fourth Circuit.

Submitted June 11, 1969.

Decided July 22, 1969.

D. Reece Williams, III, Columbia, S. C., for appellant.

Klyde Robinson, U. S. Atty., and Jack H. Lynn, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

We affirm the convictions for receipt of firearms in interstate commerce without a federal firearms license and receipt of firearms in interstate commerce after conviction of a crime punishable by imprisonment for more than a year. 15 U.S.C.A. § 902(a), (f).

On January 10, 1966, Treasury Agent Baker was riding by Golden's World Wide Distributors, Inc., a business operated by Golden. Attracted by a sign advertising guns, Baker entered the premises to make a routine inspection of firearms records. He noted that certain firearms were on open display and discovered that the requisite federal license was lacking. Golden was not arrested at that time, but was advised and counseled on the method for obtaining a federal license. On January 18, 1966, Baker returned to re-examine the records. At that time he noted the sale of two revolvers he had seen on his earlier visit. He found that Golden still did not have a federal license to receive and sell firearms and left with Golden a publication which had instructions needed in making an application for a license.

On January 28, 1966, after ascertaining that neither Golden nor World Wide Distributors, Inc. had applied for a license, Baker obtained a search warrant and arrested Golden. Golden was subsequently tried and convicted. At trial, Baker was allowed to testify as to his observations on January 10 and 18. Golden claims that the introduction of this evidence was in violation of his Fourth Amendment rights, since no warrant had been issued, and of his Sixth Amendment rights since no *Miranda* warnings were issued. We find these contentions without merit and affirm the convictions.

Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, requires full and effective warnings prior to obtaining any statement "from a defendant questioned while in custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 445, 86 S.Ct. at 1612. In this case, the Treasury Agent was conducting a routine administrative investigation. His activities were directed not toward finding evidence for use in a criminal trial but rather toward securing voluntary compliance with the licensing act. Golden's freedom of action was not restricted in any significant manner and no *Miranda* warnings were required.

Under the circumstances of this case, the Treasury Agent was not required to secure a search warrant prior to entering World Wide Distributors, Inc. In See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943, it was held that a search warrant was required for an administrative inspection of private business property when the owner does not consent to a search, but the court carefully limited the decision to "commercial premises which are not open to the public * * *," and stated that "[w]e do not in any way imply that business premises may not reasonably be inspected in many more situations than private homes * * *." *Id.* at 545–546, 87 S.Ct. at 1740, 1741. This case involves an inspection of business premises open to the public and a proprietor who made no objection to the inspection. This latter fact is fatal to his claim because in making administrative inspections "warrants should normally be sought only after entry is refused * * *." Camara v. Municipal Court, 387 U.S. 523, 539, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930.

Finally, Golden complains that he was prejudiced by having to stand trial while in pain and under medication. We find no abuse of the trial judge's discretion in ordering to trial this long delayed case. None of the doctor's reports submitted indicated that Golden's health precluded him from standing trial or assisting in his defense.

Accordingly, the convictions are affirmed.

Affirmed.